JOSÉ JIMÉNEZ ET AL., Plaintiffs and Appellants, v. JORGE J. JIMÉNEZ, COMMISSIONER OF THE INTERIOR, Defendant and Appellee.

No. 10092. Argued May 9, 1950.—Decided May 31, 1950.

*Córdova & González* and *Hernán R. Franco* for appellants.

*Vicente Géigel Polanco, Attorney General,* and *Edgar S. Belaval, Assistant Attorney General,* for appellee.

Per Curiam: The appellants requested the issuance of an injunction forbidding the Commissioner of the Interior to authorize the taking of sand from the seashore adjacent to a farm belonging to the former. They alleged that the taking of sand in the said place, in the way in which it is being done with the Commissioner's authorization, causes them irreparable damages, inasmuch as it undermines the side support to their land and in addition has diminished the farm's area in several cuerdas.

██ The Commissioner issued the permits in question under the authority of § 1 of Act No. 22 of 1916 [1] relying on § 4 of Act No. 1 of February 25, 1946, which says:

"An injunction or restraining order cannot be granted:

"1.     .     .     .     .     .     .     .     .     .

"2.     .     .     .     .     .     .     .     .     .

"3. To restrain the application or enforcement of any statute of the Legislature of Puerto Rico, or the performance by a public officer, a public corporation, or a public agency, or by any employee or officer of such corporation or agency of any act authorized by a law of the Legislature of Puerto Rico, unless it has been determined by final, firm, unappealable, and unreviewable judgment that such statute or act authorized by law is unconstitutional or invalid.

"Any injunction, preliminary, permanent, or of the nature of a restraining order, including any order to enforce the jurisdiction of a court or to secure the enforcement of any judgment, issued under the circumstances set forth in this clause 3 and in force on the date this Act takes effect, or which may hereafter be issued, shall be null and ineffective."

In *Las Monjas Racing Corp.* v. *Racing Commission,* 67 P.R.R. 42, we had the opportunity of defining the scope of the above-quoted Section. We said there:

---

[1] Section 1 of Act No. 22 of 1916 says:

"That the Commissioner of the Interior is hereby authorized and empowered to permit the taking, for any purpose, of sand, gravel or stone, from the seashore and maritime zone and from the beds of unnavigable streams of Porto Rico."

"The above copied provision contains two phases:

"(*a*) It prohibits the issuance of an injunction or restraining order against a public officer, public corporation, etc., to restrain the application or enforcement of any statute of the Legislature of Puerto Rico, unless it has been determined by final, firm, unappealable, and unreviewable judgment that such statute is unconstitutional or invalid; and

"(*b*) It prohibits the issuance of an injunction or restraining order to restrain the performance by a public officer, public corporation, etc., of any *act, authorized* by a law, of the Legislature of Puerto Rico, unless it has been determined by final, firm, unappealable, and unreviewable judgment that such act is unconstitutional or invalid.

". . . . . . The criterion to determine under this statute whether an act of a public officer is authorized by law, does not consist in whether the act is valid or constitutional. Precisely the determination of the constitutionality or validity of the act is what should be first decreed by final, firm, unappealable and unreviewable judgment before issuing the restraining order or the writ of injunction. The rule to be followed is first to determine whether the act is covered by the authority granted by law to the officer, public corporation, etc.". (pp. 51, 52)

The question for decision is whether the Commissioner's action is comprised within the authority granted to him by said § 1 of Act No. 22 of 1916.

In *Las Monjas Racing Corp.*, *supra*, we decided that the Racing Commission's action was not authorized by law because although said Commission was authorized by § 7 of the Insular Racing Act to cancel the license of any race track, that same Section required that it be for a just cause and after a previous hearing giving the parties an opportunity to defend themselves. As really the plaintiff therein did not have the previous hearing nor the opportunity to defend itself, we said that the action of the Commission in cancelling the license without complying with said condition was not an action authorized by law and we would have issued the injunction if a remedy, as adequate and efficient as the injunction, would not have been available to plaintiff without resorting to that extraordinary writ.

In the present case, § 1 of Act No. 22 of 1916 does not provide for any condition which must be complied with by the Commissioner of the Interior before authorizing the taking of sand from the seashore. Therefore, his action is authorized by law. This being so, in order for appellants to restrain, by injunction, Commissioner's action, they should have obtained before filing this suit, a final and unappealable decision invalidating the action.

The determination of whether the Commissioner's action really prejudices the property rights of the appellants is a question which should be raised in the previous suit where the validity of the action should be determined.

The judgment will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.